UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA          : | |
| v.                                : | Criminal No. 06-148 (HHK) |
| NEVILLE F. REID,                  : | |
| Defendant.                        : | |

**GOVERNMENT'S MEMORANDUM IN AID OF SENTENCING**

The United States, by and through its attorney, the United States Attorney for the District of Columbia, submits this memorandum in aid of the sentencing hearing in this matter, scheduled for Wednesday, October 3, 2007 at 10:00 a.m. For the reasons set forth herein, the government respectfully recommends that the Court sentence the defendant at Guidelines level 10 as calculated in the PSR and issue an Order of Restitution for $47,977.

**I.    BACKGROUND**

On June 7, 2007, defendant Neville F. Reid pled guilty to Count 7 of an Indictment charging him with wire fraud, 18 U.S.C. §1343. During his plea colloquy the defendant admitted that from May, 2001 through June 10, 2003, while employed in the Legal Department at CareFirst Blue Cross Blue Shield ("CareFirst"), he engaged in a scheme to defraud CareFirst, by obtaining his supervisor's authorization to use IncSpot, LLC (a company he secretly controlled) as a CareFirst vendor for filing services and, thereafter submitting IncSpot, LLC invoices falsely representing that they reflected corporate document filing services rendered by IncSpot, LLC on behalf of CareFirst. By submitting these false and fraudulent invoices, Reid caused seven wire communications in interstate commerce in furtherance and execution of his scheme in the form of computer print commands for checks made payable to IncSpot, LLC. This included a print

command occurring on February 25, 2003, to print check no. 549538 in the amount of $4,880.00 payable to IncSpot, LLC (Count 7).

**II.     SENTENCING CALCULATION**

    A     Statutory Maximum

The defendant pled guilty to one count of Wire Fraud, in violation of Title 18, United States Code, Section 1343. The maximum sentence for this offense is twenty years imprisonment, a fine of $250,000, or a fine of twice the pecuniary gain or loss pursuant to 18 U.S.C. § 3571(d), a $100 special assessment, a three-year term of supervised release.

    B.     Sentencing Guideline Calculation

Both parties agreed to the Guidelines calculations utilized in the Presentence Report ("PSR"), which correctly calculates the defendant's total offense level at 10. See PSR ¶ 29. This includes the base offense level of six (§ 2B1.1(a)(2)) and six levels for "loss" of more than $30,000 (§ 2B1.1(b)(1)(D)). Pursuant to the plea agreement, however, the government agreed not to oppose a two point reduction for acceptance of responsibility, which yields a total offense level of 10. The PSR also correctly lists the defendant's criminal history as Category I. See PSR ¶¶ 32. Therefore, the guideline range for defendant is correctly calculated in the PSR as 6 to 12 months. See PSR ¶ 55.

    C.     Restitution

Reid has objected to paragraphs 16 and 71 of the PSR that state that the amount of restitution owed is $47,977, the agreed sentencing loss amount. Reid asserts that a restitution order should be limited to $4,880, the amount of the check generated from the computer print command at issue in Count 7. In support of this position, Reid cites United States v. Dorcely, 454 F.3d 366 (D.C. Cir.

2006). The defendant in Dorcely was convicted of making a false statement to the F.B.I. in violation of 18 U.S.C. Section 1001, but acquitted of remaining charges of conspiracy to defraud the United States in violation of 18 U.S.C. Section 371 and conspiracy to commit money laundering in violation of 18 U.S.C. Section 1956(h). Dorcely, at 370. The Court of Appeals held that 18 U.S.C. Section 3663(a)(1) applied to restitution on Dorcely's false statement conviction and that any order of restitution must be limited to the specific conduct that was the basis of the false statement conviction. Dorcely, at 377. Noting that the government had conceded that it was highly unlikely that the ordered restitution amount of $63,315.51 reflected loss caused solely by the false statement, the Court of Appeals vacated the restitution order and remanded the matter to the District Court for further proceedings consistent with the Court of Appeal's opinion. Id.

Unlike in Dorcely, where the offense of conviction was for a false statement pursuant to 18 U.S.C. Section 1001, the conviction in the present case is for a wire fraud scheme in violation of 18 U.S.C. Section 1343. Restitution for this offense is governed by 18 U.S.C. Section 3663A(c)(1)(A)(ii), as an offense against property committed by fraud or deceit. Section 3663A provides that the Court shall order that the defendant make restitution to the victim and defines victim to include "in the case of an offense that involves as an element a scheme . . . any person directly harmed by the defendant's criminal conduct in the course of the scheme . . ." 18 U.S.C. Section 3663A(a)(2). [1] The Indictment here makes clear that Reid was charged with engaging in a wire fraud scheme and that each of the wire fraud counts were executions and acts in furtherance of that scheme. Indictment, paragraph 9. Furthermore, Reid acknowledged at paragraph 8 of his Statement of Offense that he caused seven wire transmissions (including one resulting in the $4,880

---

[1] Section 3663(a)(1)(B)(2) also contains this language relating to schemes.

3

check) in furtherance and execution of his scheme. Because Reid's offense of conviction "involves as an element a scheme" and there is no question that Reid admitted to the overall scheme, Section 3663A requires restitution for all direct harm to the victim, Carefirst, in the amount of $47,977.

Respectfully submitted,

JEFFREY A. TAYLOR
UNITED STATES ATTORNEY


_____/s/_____
JOHN D. GRIFFITH
Iowa Bar No. 4622
Assistant United States Attorney
Fraud & Public Corruption Section
555 4th Street, N.W.
Washington, D.C. 20530
(202) 353-2453