HONORABLE HENRY H. KENNEDY, JR., UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FILED
OCT 11 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

| UNITED STATES OF AMERICA | : | Docket No.: CR-06-148-01 |
| --- | --- | --- |
| vs. | : | SSN: |
| REID, Neville | : | Disclosure Date: August 24, 2007 |

### RECEIPT AND ACKNOWLEDGMENT OF PRESENTENCE INVESTIGATION REPORT

This is to acknowledge that each of the undersigned has received and reviewed the Presentence Investigation Report (PSR) in the above-entitled case. The undersigned further acknowledges that:

**For the Government**
(CHECK APPROPRIATE BOX)
( ) There are no material/factual inaccuracies therein.
( ) There are material/factual inaccuracies in the PSI report as set forth in the attachment herein.

_____            _____
Prosecuting Attorney                                                Date

**For the Defendant**
(CHECK APPROPRIATE BOX)
( ) There are no material/factual inaccuracies therein.
(✓) There are material/factual inaccuracies in the PSI report as set forth in the attachment.

_____            _____
Defendant          Date                                Defense Counsel      Date  9/12/07

### NOTICE OF OBLIGATION OF THOSE EXECUTING THIS FORM

Pursuant to Local Rule 32(f)(2), those executing this form shall first submit any material inaccuracies or disputes in writing by **September 7, 2007**, to U.S. Probation Officer Tennille Losch, telephone number (202) 565-1385, fax number (202) 273-0242.

Pursuant to Rule 32(b)(6)(B), effective December 1, 1994, it shall be the responsibility of the Attorney for the Government and the Defense Counsel to provide each other with a copy of the objections at the same time the objections are filed with the probation office.

FOR THE COURT

By:   Gennine A. Hagar, Chief
       United States Probation Officer

**FEDERAL PUBLIC DEFENDER**
DISTRICT OF COLUMBIA
SUITE 550
625 INDIANA AVENUE, N.W.
WASHINGTON, DC 20004

A. J. KRAMER
*Federal Public Defender*

Telephone (202) 208-7500
FAX (202) 208-7515

September 12, 2007

Tennille Losch
United States Probation Officer
333 Constitution Avenue, N.W.
Washington, D.C. 20001

Re:   United States v. Neville F. Reid
      06-CR-148

Dear Ms. Losch:

    I write to submit the following objections/corrections to the Presentence Investigation Report.

    1. Paragraph 15, on page 4, states that the amount of the actual loss is $47,977. We do not contest that the loss was over $30,000 and, therefore, the Guidelines calculations are correct. However, please note that the loss was not the full $47,977. Although the amount of the checks written from Carefirst, Inc. to Incspot, LLC was $47,977, Mr. Reid did not intend for this to be a loss to Carefirst, Inc.. As set forth in the State of the Offense, copied in your report, Mr. Reid created Incspot as a company in the business of filing legal documents and notices with various government entities. Mr. Reid's intent was to preform the filing services for Carefirst – services that had been performed by other companies doing business for Carefirst before Incspot was created. Mr. Reid acknowledges that he submitted fraudulent invoices that represented that work had been done when in fact the work had not been done. However, his original intent was to do all of the work and some small portion of the work was, in fact, performed. The actual loss amount is something less than the amount paid to Incspot (the amount paid to Incspot, minus the value of the work performed). Nonetheless, Mr. Reid accepts full responsibility for his conduct.

    2. Paragraphs 16 and 71, on pages 4 and 12, state that the amount of restitution owed is $47,977. However, under 18 U.S.C. § 3663, the court can impose restitution "only for 'the loss

caused by the specific conduct that is the basis of the offense of conviction'" – "a defendant charged with multiple offenses but convicted of only one offense cannot be ordered to pay restitution for losses resulting from the other charged offenses." See United States v. Dorcely, 454 F.3d 366 (D.C. 2006) (quoting Hughney v. United States, 495 U.S. 411 (1990)). The loss for the offense of conviction was $4,880.

      3. Paragraph 33, on page 6, indicates that you have not spoken with Mr. Reid's mother. I believe that you now have had the opportunity to do so.

      4. Paragraph 45, on page 8, lists Mr. Reid's education. In addition, Mr. Reid took classes toward a paralegal certificate in corporate law at the George Washington University in 1996.

      Thank you for taking the time to consider these corrections. If you have any questions, please do not hesitate to call me.

      Sincerely,

      Mary Manning Petras