UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Criminal No. 06-cr-00148HHK |
| | : | |
| NEVILLE F. REID | : | |
| | : | FILED |
| Defendant | : | JAN 1 8 2008 |
| | | Clerk, U.S. District and Bankruptcy Courts |

**DEFENDANT'S MOTION TO SET RESTITUTION PAYMENT SCHEDULE**

1.   At the time of sentencing on October 11, 2007, defendant, via counsel, neglected to request that the Court establish a monthly restitution payment schedule.

2.   Defendant has been ordered to pay 4,880 in restitution.

3.   The government's standard generic minimum monthly payment is $300 every 30 days, as was conveyed to me by Probation Officer Danny Thomas. This amount in reality, is not in line with what would be reasonably equitable given the defendant's five years of probation and diminished earning capacity.

4.   The Court recognized that defendant was financially strapped which is evidenced in its authority, at sentencing, to waive Defendant's electronic monitoring fees.

5.   Defendant, at this juncture, is unable to follow the suggested schedule and the assigned Probation Officer, Mr. Thomas, was not initially willing to agree to a lower amount and suggested that the defendant seek an Order from this Court authorizing a different amount.

RECEIVED

JAN 1 8 2008

Clerk, U.S. District and
Bankruptcy Courts

6. It is Defendant's position that not only is this amount contrary to the Court's assessment of the Defendant's financial position, but that it is also arbitrary.

7. If for example, Defendant's restitution payments were to be spread across 30 months, half of Defendant's probation period, Defendant would pay less than 200.00 per month.

8. Prior to sentencing, defendant had been promised contract work with a company in the Real Estate industry. He was expected to be paid sufficiently that he make monthly restitution payments more in line with what the government is requesting. (Information regarding this work was provided to the government and confirmed by an officer of the US Probation Office).

9. The contract was never realized because the Real estate market began to dry-up and the defendant became engaged in side work installing and removing realty signs which also eventually began to slow down due to slow housing sales and competition from other companies also engaged in the same line of work. Last month our company only performed $4,000.00 in work.

10. Defendant however, has managed to pick-up additional sporadic but ongoing work performing warehouse tasks; and using my software skills to process invoices.

11. Despite staying relatively busy, Defendant has not been making more than $800 each month, for two reasons: First, one of defendant's employers is solely dependent the preceding months invoicing in order to handle present months expenditures, which includes salaries; and second, the terms of my electronic monitoring inhibits the acceptance of additional work assignments at my second job.

12. The other factors that impact compliance with the government's proposed terms are defendant's individual and household monthly expenses. Defendant's household rent is 1,000.00, Utilities ie: electric, gas, and telephone are approximately 80.00. Food, transportation, unpaid monthly reoccurring debt, and fuel costs easily exceed 600.00. Defendant's total unsecured and secured debt is approximately 10,000.00. There are no household luxuries such as cable television or internet access in defendant's household.

13. Defendant understands that payment of restitution is part of the Court imposed punishment and remains aware of the seriousness of the Courts Order and the importance of making payments. Therefore, in light of the aforegoing representations, defendant believes that he would be capable of making a minimum payment of 50.00 each month and respectfully asks that the Court issue a temporary Order of 50.00 each month pending a financial review in six months.

14. Defendant has approximately four more months of electronic monitoring remaining.


Respectfully submitted,                                    January 17, 2008


_____
Neville Reid, Pro Se




I hereby certify that a copy was provided to:

Danny Thomas, Probation Officer
United States Probation Office
3rd & Constitution Avenue, NW
Washington, DC 20001